HASTINGS and others *v.* GLENN.

In an action for obstructing a right of way, where the defendant answers by a general denial, the title to real estate cannot be said to come in question so as to oust a justice's court from jurisdiction, if the defendant, being called as a witness, in the course of his testimony, proves on his own behalf the plaintiff's title. The defendant himself having shown the title, it cannot be regarded as disputed, within the meaning of the statute, so as to oust the justice of jurisdiction.

THIS was an appeal by the defendant from one of the district courts, where the plaintiffs obtained judgment. The facts appear in the opinion.

BY THE COURT. DALY, J.—We think the judgment of the justice was right. The plaintiffs claimed for damages for the obstruction of the *hall* of *premises leased* by the defendant to them, and the defendant having put in a general denial, the plaintiffs, to maintain the action, were only bound to show their possession, and the encroachment upon the hall in question. They offered their lease, but after the defendant's objection, withdrew it. The defendant then, on his part, proved their title. He proved that the plaintiffs hired the second story of the premises, No. 194 Fulton street, from him for the term of two years, from the 1st day of May, 1850. That he reserved the privilege of making packing boxes for piano fortes, and packing piano fortes in the hall. That he explained to Thomas Hastings, one of the plaintiffs, that he must have that privilege, and that Hastings, with that understanding, concluded to take the place; and plaintiffs came into possession as his tenants on the 1st of May, 1850. He further testified that the

Hastings v. Glenn.

plaintiffs took the lease upon the condition that he was to have the use of the hall as usual. That he told Hastings that he packed his instruments and made his packing boxes there, and that he was not to obstruct the passage more than he could help. That he kept his "stuff" over head, over the hall. Upon the statement of the defendant, the nature of the plaintiffs' title was shown to be a right of way through the hall, subject to the defendant's right to obstruct it, by making his packing boxes and packing up his instruments there, and storing or keeping his "stuff" over the hall. Now this title is not only not disputed by the defendant, but it is established by his own evidence. It was a concession on his part, that the plaintiffs had a right of way through the hall, the free exercise of which might be obstructed by the defendant's doing what he had reserved to himself the right to do, that is, to *make* his packing boxes and pack up his instruments in, and keep his "stuff" over the hall; and the question in the case was, whether he had obstructed it to a greater extent than he had a right to do. The justice found that he had, and there was sufficient evidence to sustain the finding.

The right of way through the hall, denied to the plaintiff, if it had come in question, would have involved a title to real property within the meaning of the statute. But it was not raised by the defendant in the manner prescribed by the statute, nor disputed by him, he having established it by his own evidence.

Whether a question, asked in respect to damages, is objectionable or not, is wholly immaterial. There was sufficient evidence to warrant the justice in finding that the plaintiffs had sustained injury to the extent of the verdict. There was no evidence of any settlement. All that the defendant swears is, that when the plaintiffs paid the rent, Mr. Ambler, his agent, by his direction, threw off $10 from the amount. That the plaintiffs complained that he had damaged their business, and that rather than have any trouble with them, the $10 was thrown off. If this had stood alone, it would be no evidence that the plaintiffs received the $10 in satisfaction. But Hast-

ings denies that it was given for any such purpose; that, on the contrary, it was received as a commission to them for selling two pianos. That it was given by the defendant himself, and not by Ambler; he remarking, as he handed $10 from the rent back to them, that it was for the commission of selling two pianos; and Ambler testified to nothing about the payment of the $10.

The judgment must therefore be affirmed.